Matthew M. Levy, J.
In this article 78 proceeding, the tenant seeks to review the action of the State Bent" Administrator in granting a certificate of eviction to the landlords. Several points are made but (in view of the conclusion I have reached) I shall advert to one of them only — the matter of the finding of immediate and compelling necessity.
In the landlords’ application before the commission for a certificate of eviction, it is stated that
“ This tenant’s apartment is needed for applicants’ daughter, son-in-law and grandchild. They are presently living in basement apartment which is damp. The grandchild has been suffering from repeated colds, tonsilitis and virus since birth, which the doctor ascribes to dampness of their living quarters. The affidavit of Dr. Joseph Q. Di Fiore, 1721 Montgomery Avenue, Bronx, N. Y. is attached herewith.
“ This application is made in good faith and because of the compelling necessity herein above set forth." ’’
In their reply to the tenant’s answer to the landlords’ petition the landlords stated to the commission:
“ The instant application is based upon the ground that the landlords’ daughter had a child whose health is being seriously affected by the dampness of the apartment in which they live. This is substantiated by the doctor’s affidavit.
“ The omission of stating the size of the rooms which the landlords’ daughter presently occupies was not deliberate, but has no bearing on this application due to the fact that it is based upon the dampness in the location of the apartment. ”
In his order and opinion denying the tenant’s protest, however, the Administrator finds immediate and compelling necessity not solely upon the ground that the landlords’ daughter’s present apartment is subject to “ inadequate heating facilities and attendant dampness ”, but coupled with the finding “ that said accommodations are overcrowded, and are inadequate for the daughter’s family”. As has been seen, the matter of alleged, “ overcrowding ” was not presented as an issue before the commission and was not litigated before it. Yet, it seems to have been an effective motivating factor in the determination.
In view of the fact that the application before the commission was based solely upon the claim that dampness adversely affected the child’s health (which was alleged to constitute the immediate and compelling necessity), it appears to me that — where the petitioner was not afforded an opportunity to meet *63 the issue of overcrowding squarely — a determination that the required necessity existed by reason of dampness and overcrowding cannot on this record be permitted to stand. In my opinion, this issue should be litigated and the tenant should have an opportunity to offer whatever evidence he may have, if any, with respect thereto, although the end result may ultimately be the same.
The matter is therefore remitted for further proceedings before the commission.